IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THEOPHILUS BLACKSTON,**

    **Plaintiff,**

v.                                                            **Civil Action No. 2:10cv14**
                                                                              **(Judge Maxwell)**

**STEPHEN VOGRIN,**

    **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this action on February 5, 2010, by filing a civil rights complaint against the above-named defendant pursuant to 42 U.S.C. § 1983. In the complaint, the plaintiff alleges that the defendant violated his constitutional right to privacy by disseminating his personal medical information.

On February 24, 2010, the plaintiff was granted permission to proceed as a pauper and assessed an initial partial filing fee of $17.16. The plaintiff paid the initial partial filing fee on March 15, 2010. Accordingly, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. The Complaint

On February 4, 2009, the plaintiff appeared for sentencing before the Honorable Arthur Recht, First Judicial Circuit, Ohio County, West Virginia. Complaint at 2. On that date, the plaintiff was sentenced pursuant to a conviction for Murder in the Second Degree. *Id.* The defendant, Stephen Vogrin ("Vogrin"), is an assistant prosecuting attorney in Ohio County. *Id.* During the plaintiff's sentencing hearing, Vogrin allegedly made the following statement in open court:

> And, Mr. Blackston knew what he was doing. And he did the same thing to other women. It was subject to a cease and desist order from the State department of health requiring him or ordering him to stop having sex without condums (sic) because he knew he was HIV positive, but yet he still continued, showed no respect for life whatsoever. IN (sic) fact, he may have given these other women a death sentence.

*Id.*

---

[1] *Id.* at 327.

The plaintiff asserts that under "state and federal constitutional law, all citizens have a constitutional right to privacy that prohibits the dissemination or disclosure of personal medical information. The Defendant violated plaintiff's constitutional right to confidentiality under Whalen v. Roe, 429 U.S. 589, 599 (1977)." *Id.* In addition, the plaintiff asserts that pursuant to W.Va.Code § 16-3C-3, AIDS related medical testing is confidential and that the dissemination of his personal medical information violated the Health Insurance Portability and Accountability Act ("HIPAA"). *Id.* at 2-3. Thus, the plaintiff asserts that Vogrin's disclosure of his HIV-status in open court violated both his federal and state rights to privacy. *Id.* at 3.

## IV. Analysis

For the Court to grant relief pursuant to 42 U.S.C. § 1983, the plaintiff must establish that a state actor violated either a constitutional right or a federal law, thereby causing harm to the plaintiff.[2] In this case, the plaintiff alleges a violation of his constitutional right to privacy. Thus, the question before this Court is whether the plaintiff has a constitutional right to privacy with regard to his HIV status and whether that right was violated by Vogrin's conduct.

The Constitution does not explicitly mention a fundamental right to privacy. Moreover, despite what the plaintiff contends, there is no general constitutional right to privacy. See Katz v.

---

[2]Title 42 U.S.C. § 1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

United States, 389 U.S. 347 (1967). However, the Supreme Court has found a constitutional right to privacy embedded in various constitutional amendments. See Roe v. Wade, 410 U.S. 113 (1983) (right to privacy in Fourteenth Amendment's "concept of personal liberty and restriction upon state action"); Terry v. Ohio, 392 U.S. 1 (1968) (freedom from unreasonable governmental intrusion under Fourteenth Amendment); Griswold v. Connecticut, 381 U.S. 479, 484 (1965) (recognizing "zones of privacy" found in the First, Third, Fourth, Fifth and Ninth Amendments, but no general right to privacy). Nonetheless, the Court has "carefully avoided creating a broad, fundamental privacy right, noting that the matter of general individual privacy rights is an issue that should be 'left largely to the law of the individual States.'" See Sherman v. Jones, 258 F.Supp.2d 440, 442 (E.D.Va. 2003) (quoting Katz v. Griswold, 389 U.S. at 351)).

In Whalen v. Roe, the Supreme Court noted that its cases recognize that the Constitution generally protects two types of interests: (1) an individual interest in avoiding disclosure of personal matters; and (2) the interest in independence in making certain kinds of important decisions. Whalen, 429 U.S. at 599-600. However, the Court avoided making a general rule that medical records were constitutionally protected. Instead, the Court addressed only whether the specific statute challenged in that case posed "a sufficiently grievous threat to either interest to establish a constitutional violation." *Id.* at 603-04. The Court found that it did not. Id. Thus, Whalen does not, on its face, establish that the plaintiff has a constitutional right to privacy with respect to the disclosure of personal information.

Nevertheless, some courts have relied on Whalen to find that the disclosure of personal information is constitutionally protected. See Adams v. Drew, 906 F.Supp. 1050, 1056 (E.D.Va. 1995) (collecting cases). However, the Fourth Circuit has never recognized a general fundamental

4

right to privacy in personal medical information. See Watson v. Lowcountry Red Cross, 974 F.2d 482, 487-89 n. 9 (4th Cir. 1992) (leaving issue for another day of whether public disclosure of personal medical information might violate right to privacy); Taylor v. Best, 746 F.2d 220, 225 (4th Cir. 1984) (any right to privacy in avoiding disclosure of personal matter must be weighed against public interest).[3] Therefore, the plaintiff cannot establish that he has a federal constitutional right to privacy in his personal medical information and that claim must be dismissed.

In addition, to the extent the plaintiff argues that his right to privacy under HIPAA has been violated, the plaintiff is mistaken. Although HIPAA's basic principle is to protect certain health information, that protection is limited. Protected health information is expressly permitted in certain circumstances, among them, judicial proceedings. See 45 C.F.R. 164.512(e).

Finally, to the extent the plaintiff alleges a violation of his State statutory rights, that claim is not a federal constitutional claim for which § 1983 is meant to address, and the Court should decline to exercise supplemental jurisdiction over that claim.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's Complaint (dckt. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A for the failure to state a claim, and that this case be **CLOSED** and **STRICKEN** from the Court's active docket.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those

---

[3] The public interest in this case clearly outweighs any right to privacy the plaintiff may have in avoiding the disclosure of his HIV status. Knowing he was HIV positive, the plaintiff apparently had unprotected sex with various partners with no regard for their health or safety, even after he was ordered to cease and desist such conduct by the State Department of Health. The plaintiff's blatant disregard for the value of human life negates any privacy interest he may have had in his HIV status.

portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 24, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE